UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIONTE O. LAVINGTON,

    Petitioner,

v.

BECKY CARL,

    Respondent,

_____/

Case No. 2:21-CV-11774
HON. SEAN F. COX
UNITED STATES DISTRICT COURT

## OPINION AND ORDER DENYING THE MOTIONS FOR THE APPOINTMENT OF COUNSEL (ECF No. 3) AND FOR AN EVIDENTIARY HEARING (ECF No. 4)

Before the Court are habeas petitioner Dionte O. Lavington's motions for the appointment of counsel and for an evidentiary hearing. For the reasons stated below, the motions are denied without prejudice.

**A. The motion for the appointment of counsel.**

Petitioner has filed a motion for the appointment of counsel.

The Court will deny the motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of

1

counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788. The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a 67 page petition for writ of habeas corpus, in which he raises five claims and cites to numerous federal and state cases. Petitioner therefore has the means and ability to present his claims to the court. Furthermore, until this Court reviews the pleadings filed by petitioner and respondent and the Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c). The motion for the appointment of counsel is denied without prejudice.

**B. The motion for an evidentiary hearing.**

Petitioner has filed a motion for an evidentiary hearing.

If a habeas petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such

disposition of the petition as justice shall require. 28 U.S.C. foll. § 2254, Rule 8(a); *Hence v. Smith*, 49 F. Supp. 2d 547, 549 (E.D. Mich. 1999)(Gadola, J.).

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id*. If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id*. Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). Under the provisions of the Antiterrorism and Effective Death Penalty Act, evidentiary hearings are not mandatory in habeas cases. *See Vroman v. Brigano*, 346 F. 3d 598, 606 (6th Cir. 2003). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). An evidentiary hearing is not required where the record is complete or if the petition raises only legal claims that can be resolved without the taking of additional evidence. *Ellis v. Lynaugh*, 873 F. 2d 830, 840 (5th Cir. 1989); *United States v. Sanders*, 3 F. Supp. 2d 554, 560 (M.D. Pa. 1998).

The motion for an evidentiary hearing will be denied without prejudice because the Court has not yet received an answer or the state court record from respondent. Without these materials, the Court is unable to determine whether an evidentiary hearing on petitioner's claims is needed.

Following receipt of these materials, the Court will then determine whether an evidentiary hearing is necessary to resolve petitioner's claims.

**IT IS HEREBY ORDERED** that the motion for the appointment of counsel (ECF No. 3) and the motion for an evidentiary hearing (ECF No. 4) are **DENIED WITHOUT PREJUDICE**. The Court will reconsider petitioner's motions if, following receipt of the responsive pleading and Rule 5 materials, the Court determines that the appointment of counsel and/or an evidentiary hearing are necessary.

Dated: August 12, 2021

s/Sean F. Cox
Sean F. Cox
U. S. District Judge